UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| INFINITE MASTER MAGNETIC, aka JESSE JERMONE POINTER, | Case No. 3:21-cv-00122-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Infinite Master Magnetic aka Jesse Jerome Pointer, who is currently in the custody of the Nevada Department of Corrections ("NDOC") filed this complaint under 42 U.S.C. § 1983 and application to proceed *in forma pauperis* ("IFP") on March 11, 2021. (ECF Nos. 1, 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 3), screening Plaintiff's Complaint. Judge Cobb recommends the Court grant Plaintiff's IFP application and dismiss his claims, some with prejudice and some with leave to amend. Plaintiff had until April 19, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, grants Plaintiff's IFP application, and will dismiss Plaintiff's claims either with prejudice or with leave to amend, as specified herein.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Plaintiff asserts claims against a laundry list of defendants, including the State of Nevada, Officer Brit, Officers John Doe, the Metro Police Department ("LVMPD"), Clark County Detention, Judge Linda Bell, Officer Neaul, the Public Defender's Office, Lake's Crossing Center, and Dr. Colepepper.

First, Judge Cobb found that Plaintiff's account statement sufficiently demonstrated he could not pay the filing fee. (ECF No. 3 at 2-3.) Judge Cobb recommends granting Plaintiff's IFP application.

Judge Cobb then recommends dismissing the State of Nevada and Lake's Crossing Center with prejudice and without leave to amend because they are not "persons" for purposes of 42 U.S.C. § 1983 and, therefore, Plaintiff cannot assert claims against them. (*Id.* at 5-6). Judge Cobb further recommends dismissing Judge Linda Bell with prejudice and without leave to amend because she is entitled to absolute immunity for acts performed in her official capacity. (*Id.* at 6.)

Judge Cobb also recommends the Court dismiss Clark County Detention Center because it is not an entity that can sue or be sued. (*Id.* at 9.) However, because Plaintiff could potentially maintain a claim against Clark County and LVMPD, Judge Cobb recommends dismissing Plaintiff's claims against LVMPD without prejudice and permitting him to amend his complaint to include a theory of municipal liability against either Clark County, LVMPD, or both. (*Id.* at 9-10.)

Judge Cobb construes Plaintiff's allegations that he was beaten and robbed by unidentified officers as a potential attempt to assert an excessive force claim against Officer Neaul, Officer Brit, and/or potential John/Jane Doe officers. (*Id.* at 7-8.) Likewise, Judge Cobb construes Plaintiff's allegation that his property was taken during an arrest

as a potential due process claim. (*Id.* at 8-9.) Judge Cobb recommends dismissing both the excessive force and due process claims because they are not sufficiently specific or clear, but also recommends that Plaintiff should be granted leave to amend.

Judge Cobb construes Plaintiff's claims that Dr. Colepepper forcibly gave him injections against his religious belief and extreme objection as potentially stating a First Amendment free exercise claim. (*Id.* at 10-13.) However, like Plaintiff's excessive force and due process property claims, his claim against Dr. Colepepper is not sufficiently clear. Judge Cobb therefore recommends dismissing the claims against Dr. Colepepper without prejudice and with leave to amend.

Finally, Judge Cobb construes Plaintiff's claim that he was beaten while in lock up and was not administered any medical care as a Fourteenth Amendment denial of adequate medical care. (*Id.* at 14.) As with the other claims in the Complaint, Judge Cobb found that Plaintiff does not allege sufficient facts to sustain the claim as it is currently pleaded. Judge Cobb therefore recommends dismissing the denial of adequate medical care without prejudice and with leave to amend.

The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Jesse Jerome Pointer, #1590932), in the months that the account exceeds $10.00, until the full

1  $350.00 filing fee has been paid for this action. The Clerk of the Court will send a copy of
2  this order to the Finance Division of the Clerk's Office. The Clerk of the Court will also
3  send a copy of this order to the attention of the Chief of Inmate Services for the Nevada
4  Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, regardless of the success of Plaintiff's action, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

The Clerk of Court is directed to file Plaintiff's complaint (ECF No. 1-1).

It is further ordered that Plaintiff's claims against the State of Nevada and Lake's Crossing Center are dismissed with prejudice and without leave to amend.

It is further ordered that Plaintiff's claims against Judge Linda Bell are dismissed with prejudice and without leave to amend.

It is further ordered that Plaintiff's claims against Clark County Detention Center are dismissed with prejudice and without leave to amend. However, Plaintiff is granted leave to amend to assert a claim based on a municipal theory of liability against Clark County.

It is further ordered that Plaintiff's claims against Las Vegas Metropolitan Police Department are dismissed without prejudice, with leave to amend.

It is further ordered that Plaintiff's claims against Dr. Colepepper are dismissed without prejudice, with leave to amend.

It is further ordered that Plaintiff's excessive force and property claims against Officers Neaul and Brit, and potential John or Jane Doe Officers, are dismissed without prejudice, with leave to amend.

It is further ordered that Plaintiff's First Amendment claims are dismissed without prejudice, with leave to amend.

It is further ordered that Plaintiff's denial of adequate medical care claims are dismissed without prejudice, with leave to amend.

///

1 | It is further ordered that, if Plaintiff chooses to file an amended complaint curing
2 | the deficient of his complaint, as outlined in this order, he must file the amended complaint
3 | within 30 days from the date of entry of this order.
4 | The Clerk of Court is further directed to send Plaintiff the approved form for filing
5 | a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended
6 | complaint, he should use the approved form and he will write the words "First Amended"
7 | above the words "Civil Rights Complaint" in the caption.
8 | It is further ordered that, if Plaintiff fails to file an amended complaint curing the
9 | deficiencies outlined in this order, this action will be dismissed with prejudice.
10 | DATED THIS 28th Day of April 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE